## CONSTRUCTION OF THE STATUTE GOVERNING THE SALE OF DRUGS AND POISONS.

Common Pleas Court of Hamilton County.

E. M. SICKLES AND THREE OTHERS V. THE STATE OF OHIO.

Decided, May, 1908.

*Retailing of Drugs, Compounding of Prescriptions, Sale of Poisons—Statutory Regulations with Reference to—Prosecutions Under Section 4405—What the Statute Prohibits—Jurisdiction of the Magistrate—Character of Proof Required—Affidavits Charging the Offense—Criminal Law.*

1. Section 4405, Revised Statutes, governing the sale of drugs, poisons, etc., embraces two offenses: (a) prohibiting a "proprietor or manager," not a legally registered pharmatist; to open or conduct a pharmacy without having in charge a legally registered pharmacist; and (b) prohibiting any person not a legally registered pharmacist, or a legally registered assistant pharmacist under a legally registered pharmacist, to compound, dispense or sell any drug, poison, etc.

2. Unless the accused waive a jury in writing, the magistrate has no authority to punish, and can only bind the prisoner over to the proper court.

3. Such magistrate being only an examining officer, strict proof is not required, it being only necessary to show that the offense has been committed, and that there was probable cause to believe the prisoner guilty.

*Hoffman, Bode & LeBlond* and *Millard Tyree,* for plaintiffs in error.

*Charles F. Williams,* contra.

PFLEGER, J.

The four above entitled cases taken upon error from the magistrate's court were prosecutions under Section 4405, Revised Statutes, governing the sale of drugs by registered pharmacists. Three questions are involved: (1) Was the evidence sufficient to convict the defendants? (2) Was there a sufficient allegation in the affidavits constituting the offense charged? And, (3) Did the magistrate have authority to impose the sentence?

Taking the last assignment of error first, the magistrate tried the accused without a jury or a waiver of a jury as if he had final jurisdiction, and punished the defendants by inflicting a fine of $20: Section 7147 provides that when there is no plea of guilty and if the offense charged be a misdemeanor and the accused does not waive a jury in writing, the magistrate can only inquire into the complaint, and if there is probable cause to believe the prisoner guilty, he shall bind the accused over to the proper court and take a recognizance for his appearance in the other court; otherwise he shall be discharged from custody.

There appears to be no special provision to try the accused, unless it be by virtue of Section 3718, Revised Statutes, applicable to the adulteration or deception in the sale of dairy products or any other foods, drugs and medicines, which provides for impanneling a jury from the common pleas jury wheel in the event a jury be not waived.

In the cases at bar the jury was not waived either in writing or orally. The records do not disclose whether a jury was waived or not. In *Simmons* v. *State,* 75 O. S., 346; it was determined that such waiver must clearly and affirmatively appear upon the record before the magistrate can hear the complaint and render final judgment. The justice, therefore, had not the authority under the circumstances to hear and determine the cases and render final judgment by fine. This was erroneous.

(2) There are at least two separate offenses charged in Section 4405, Revised Statutes. One is that it is unlawful for a "proprietor or manager" not a legally registered pharmacist to open or conduct a pharmacy without having in his employ and placed in charge a legally registered pharmacist under the laws of this state. The other is that it is unlawful for any person not a legally registered pharmacist to compound, dispense or sell any drug unless he be a legally registered assistant employed under a legally registered pharmacist.

Each and all of the four affidavits charge the defendants with unlawfully opening and conducting a retail drug store, offering

and exposing for sale divers drugs, to-wit, "tincture of iodine or opiate," the defendant not then and there being a legally registered pharmacist under the laws of Ohio, nor having in his employ such a legally registered pharmacist. The affidavits were insufficient in failing to state that the defendants were either proprietors or managers under the first charge. If it was intended to cover the second charge, then the gravamen of the offense in compounding, dispensing or selling such drug or poison (not in offering or exposing the same for sale) was entirely omitted. The affidavits in all four cases were, therefore, defective in these respects.

(3) On the ground that the evidence offered was insufficient to convict, it may be stated that the justice in these cases being merely an examining magistrate, it was only necessary to show that the offense had been committed and that there was probable cause to believe the prisoner guilty. Strict proof, as in courts having final jurisdiction, is not required.

In the Sickles case it was shown that the defendant, who was not a registered pharmacist or assistant, was in sole charge of the drug store and sold to the prosecuting witness tincture of iodine. In none of the cases making such a charge except the one against Andrews was there proof that tincture of iodine was a drug or poison. In the Sickles case, had the prosecution elected to try the case on the second charge under the statute, it would have furnished sufficient evidence to bind the defendant over; assuming, of course, that it was unnecessary in a preliminary hearing to produce proof that the article sold was a drug or poison.

In the Andrews case tincture of iodine was shown to be a chemical or poison, but the accused was charged with selling *nux vomica*. The state, however, elected to proceed against the accused as one who opens or conducts a drug store without a registered pharmacist instead of on the charge of being an unregistered pharmacist who sold a drug or poison, and under which latter offense it would have been insufficient to ultimately convict of the offense charged in the affidavit. It was unnecessary to prove the sale of the drug in the first offense and if

the testimony that the defendant was in charge of the store was sufficient to establish that the defendant was the "proprietor or manager," the proof would have been complete.

In the Minsterketter case the charge was selling *nux vomica*, and the state elected to proceed on the charge that he was offering and exposing for sale *nux vomica*. This charge was insufficient in that it failed to allege either compounding, dispensing or selling. The proof established that the accused sold tincture of arnica and not *nux vomica*. The proof also failed to show that it was a drug, poison, chemical or pharmaceutical preparation. In the Rhein case the affidavit charged the defendant with exposing and offering for sale tincture of opia, and the state elected to proceed on the charge of opening and conducting a drug store. The evidence established the fact that the accused was a relief clerk who was not registered in accordance with the laws of the state and that he was in charge of the store and that the proprietor was temporarily absent in the cellar. It does not appear that the accused sold any drug nor that the proprietor, who was about the store, to-wit, in the cellar, was not himself a registered pharmacist and would put up the prescriptions or make the sales.

The proof in this case is incomplete in establishing even a case sufficient to bind the accused over.

The proceedings in all four cases are, therefore, reversed, and inasmuch as all of the charges are defective in the particulars mentioned, the defendants will be discharged in all these cases.